IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE LEE BLASSINGILL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-3392-K |
| | ) | |
| RISSI OWENS, ET AL., | ) | |
| Defendants. | ) | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.  Background**

Plaintiff is a state prisoner who is presently on parole. He filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Rissi Owens, who is Director of the Texas Board of Pardons and Paroles, and the Texas State Parole Board. The Court has not issued process pending judicial screening.

Plaintiff claims Defendants have unlawfully extended his sentence by changing his discharge date from 2013 to 2025 and by illegally setting off his parole reviews. He also states Defendants violated his rights when they denied him a counsel substitute and denied him the right to be heard during his risk classification hearing. Plaintiff seeks money damages.

**II.  Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. Discussion

#### 1. Eleventh Amendment Immunity

To the extent Plaintiff sues Defendants in their official capacities, his claims are barred by immunity under the Eleventh Amendment. The doctrine of sovereign immunity bars suits against a state agency regardless of whether a plaintiff seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Plaintiff's official capacity claims should therefore be dismissed.

#### 2. *Heck v. Humphrey*

Plaintiff's claims regarding the unlawful extension of his sentence are barred the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or

otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 486-87. If so, the claim is barred. *Id.*

Plaintiff claims he was time served in 2013, but Defendants' actions have illegally extended his sentence until 2025. His claims necessarily imply the invalidity of his continued detention. Plaintiff, however, has failed to show that his parole or sentence have been declared invalid by a state tribunal or federal court. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

### 3. Risk Classification Hearing

Plaintiff claims Defendants violated his civil rights when they did not allow him to be heard at his risk classification hearing and did not appoint a counsel substitute before imposing conditions for the Super Intensive Supervision Program (SISP).

Petitioner has failed to show any violation of his federal constitutional rights. The Fifth Circuit has determined that prisoners do not have a protected liberty interest regarding SISP conditions imposed as a condition of supervised release. *Smith v. Kimball*, 421 Fed. Appx. 377, 380 (5th Cir.2001) (per curiam); *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir.1995) (stating Texas inmates have no liberty interest in obtaining parole and therefore cannot complain of the procedures used in parole proceedings). Plaintiff's claims should be denied.

### IV. Recommendation

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28

U.S.C. § 1915(e)(2).

Signed this 23 day of November, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).